IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00717-H

| | |
|---|---|
| ELLIS RAY PATTERSON EL-BEY and GRETCHEN ANN PATTERSON EL-BEY, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | **ORDER<br>MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the Court on Plaintiffs' motion to proceed *in forma pauperis* and for frivolity review. [DE- 1.] Based on a review of the financial information provided in the application, Plaintiffs have demonstrated appropriate evidence of inability to pay the required court costs and their applications are allowed.

Notwithstanding the determination that Plaintiffs are entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). After careful review of Plaintiffs' Complaint, and giving due consideration to Plaintiffs' *pro se* status, the undersigned recommends that the complaint be dismissed for failure to state a claim

upon which relief can be granted.

## DISCUSSION

Plaintiffs characterize themselves as Moorish American Nationals, original and indigenous to the North American continent, and they reside in Fayetteville, North Carolina. Compl. at 2 [DE 1-1]. They seek to renounce, on behalf of themselves and their children, their United States citizenship. *Id.*

A United States citizen has the right to renounce his citizenship, and Congress has provided by statute the following seven (7) "voluntary acts" by which one may do so:

> (1) obtaining naturalization in a foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or
>
> (2) taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or
>
> (3) entering, or serving in, the armed forces of a foreign state if (A) such armed forces are engaged in hostilities against the United States, or (B) such persons serve as a commissioned or non-commissioned officer; or
>
> (4)(A) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state; or
>
> (B) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or
>
> (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
>
> (6) making in the United States a formal written renunciation of nationality

2

in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense; or

(7) committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of section 2383 of Title 18, or willfully performing any act in violation of section 2385 of Title 18, or violating section 2384 of Title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction.

8 U.S.C. § 1481(a). Congress has made no provision for such relief through the courts. *See Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (denying motion for an order allowing plaintiff to renounce his citizenship). Plaintiffs have not alleged that they have attempted to renounce their citizenship in any manner available under § 1481(a) and do not appear to seek any other relief. Therefore, Plaintiffs have failed to state a claim upon which relief can be granted.

## CONCLUSION

The application to proceed *in forma pauperis* is **GRANTED**. However, it is **RECOMMENDED** that the complaint be **DISMISSED** on frivolity review.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiffs, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

3

Case 5:11-cv-00717-H   Document 5   Filed 02/03/12   Page 3 of 4

This the 3rd day of February, 2012.

_____
DAVID W. DANIEL
United States Magistrate Judge